ZHONG QIAO ZHENG, Petitioner,

v.

Alberto R. GONZALES,[1] Attorney General, United States Department of Justice, Respondents.

No. 04–3845–AG.

United States Court of Appeals, Second Circuit.

Feb. 21, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Norman Kwai Wing Wong, New York, New York, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, Stephen D. Anderson, Carole J. Ryczek, Assistant United States Attorneys, Jean S. Won, Legal Intern, Chicago, Illinois, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. JOSÉ A. CABRANES, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 21st day of February, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DENIED.

Zhong Qiao Zheng, a native and citizen of China, petitions for review of a BIA decision affirming an immigration judge's ("IJ's") denial of asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA's decision affirms the IJ's holding but modifies or supplements it, this Court will review the IJ's decision as modified or supplemented by the BIA. *See Xue Hong Yang v. United States Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 270 (2d Cir.2005). We review factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir. 2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) *Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000).

In this case, the IJ noted several problems with Zheng's testimony, including numerous inconsistencies, which Zheng failed to adequately explain: (1) Zheng could not give a plausible explanation for his failure to mention that he was arrested and subject to three days of detention in his airport and credible fear interviews; (2) Zheng did not explain adequately the discrepancy between his airport interview and his testimony regarding his sister and whether she had encountered problems with government authorities; (3) Zheng claimed that he promoted Falun Gong, but he could give the IJ only limited information about the practice of Falun Gong; and (4) at some points in his testimony, Zheng claimed to have practiced Falun Gong in China, but at other points in the hearing, he claimed that he was not a practitioner of Falun Gong. The IJ's findings that Zheng's testimony was incredible and unreliable were supported by substantial evidence in the record. Zheng has waived his challenge to the IJ's corroboration finding by not addressing it in his brief.

The IJ correctly determined that Zheng failed to offer an objective basis upon which she could conclude that it is more

likely than not that Zheng would be tortured upon return to China. Thus, substantial evidence supports the IJ's finding that Zheng provided no support for his claim that he would likely be tortured upon return to China.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).